NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**SHENZHEN JISU TECHNOLOGY CO., LTD.,**
*Plaintiff-Appellant*

**v.**

**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, VHJWPDYD DRONE, STORES FOKELYI, MYSTIGUE, ADXSHOP, BRILLIRARE, CHIDA3D, CRAWFORD RICH, ERLEEQING, FLUFUNM, GDQ STORE, GEOLINCA, GONGYI, JAMONXI, KASX-US, KEKEROSE, MARCHSAN, MRWALK DIRECT, NEZYLAF, OMNIGOODS STORE, ONECASE, PRIME DIRECT NY, RAY-US, STORE NO. 9, SUBLIME_SHOP, V&JGLOBAL BUSINESS LLC, AMOUSA, DENGMORE, KAWELL, KIPLYKI, MAG DEPARTMENT STORE LLC, MANNYA CO., LTD., MSNF CO. LTD., OAVQHLG3B, POMOKO, QILIAN TRADING CO., LTD., ROYALLOVE, SGDL HOLDINGS INC., SHENZHEN COLOR SHENG LONG SILK TRADING CO., LTD., SHENZHEN HONGFU WUZHOU TECHNOLOGY CO., LTD., SHENZHEN HUI XI TECHNOLOGY CO., LTD., SHENZHEN QUSHI TECHNOLOGY CO., LTD., SYNERGY INC., WSBDENLK CLEARANCE, YOHOME PRODUCTS, KWSKY, MMWUS, MEIBEIBEAUTY, BEAUTYSALON, E-EMALL, COOL ELECTRONICS SHENZHEN, HXSTARTINGLINE, WUXIAO2, BABAQINL009, XHGSM3-32, GAIATOP DIRECT, BEST LIFE NEED, SPLENDID ENERGY LIGHTING, SILDURX THI,**

2    SHENZHEN JISU TECHNOLOGY CO., LTD. v.
THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A

**SWEETFULL TECHNOLOGY, EKOUSN, ENTASSER, FIUDX CO. LTD., FRSARA, HELDIG, JSQBD, B BREATHTAKING, CHENPULUOS, COLORED FLAG, DO MORE WITH LESS, HONHEY DIRECT, MILTONRE, NARDENM, PRIYAITTAL, RIANLEY, SHENZHEN HONGHAO RUIXIN TECHNOLOGY CO., LTD., SPARK INNOVATORS, TANOMI, VITONG, WOPE, COMERSS, ICOLORFULED,**
*Defendants*

**ZHOUTY, KAZEBLAST, ZSLST, SHENZHEN MAIMI ELECTRONIC TECHNOLOGY CO., LTD., XINYI LIU,**
*Defendants-Appellees*

————————————

2025-1617, 2025-1763

————————————

Appeals from the United States District Court for the Northern District of Illinois in No. 1:24-cv-02948, Judge Jorge L. Alonso.

————————————

Decided:  July 22, 2026

————————————

GE LEI, Getech Law LLC, Chicago, IL, argued for plaintiff-appellant.

ADAM EDWARD URBANCZYK, AU LLC, Chicago, IL, argued for defendants-appellees.

————————————

Before PROST, HUGHES, and STOLL, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* HUGHES.

Dissenting opinion filed by *Circuit Judge* STOLL.

HUGHES, *Circuit Judge.*

Shenzhen Jisu Technology Co., Ltd. appeals a decision of the United States District Court for the Northern District of Illinois that (1) dissolved an earlier-issued preliminary injunction against defendant-appellee Zhouty, and (2) denied a temporary restraining order against newly added defendants. We *affirm*.

I

Appellant Shenzhen Jisu Technology Co., Ltd. (Shenzhen) owns U.S. Design Patent No. D886,982, which claims a design for a foldable fan. In April 2024, Shenzhen asserted the '982 patent against a group of entities identified in an appendix to its complaint in what is known as a Schedule A case. Defendants are all e-commerce vendors accused of selling infringing products through online storefronts like Amazon and Temu. As is standard in Schedule A cases, Shenzhen immediately moved for an ex parte temporary restraining order (TRO), seeking to enjoin all defendants from selling the accused products. The TRO was granted, and Shenzhen subsequently moved to convert it into a preliminary injunction (PI).

Unlike most Schedule A cases, where defendants typically do not participate in the proceedings, several defendants appeared to oppose the PI. As relevant here, defendant-appellee Zhouty appeared, arguing that there were "readily-apparent and substantial differences" between its accused product and the '982 patent's claimed design. J.A. 1475. Given those differences, Zhouty argued Shenzhen could not prove it was likely to succeed on the merits of its infringement claim, and therefore Shenzhen was not entitled to a PI. *Cf. Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . ."). The district court disagreed,

finding that the "overall ornamental visual impression" of Zhouty's accused product was "quite similar" to the design claimed in the '982 patent. *Shenzhen Jisu Tech. Co. v. Entities & Individuals Identified in Annex A*, No. 24 C 2948, 2024 WL 5440040, at \*2 (N.D. Ill. Nov. 13, 2024) (*Shenzhen I*). As a result, the district court concluded Shenzhen had demonstrated a reasonable likelihood of success on the merits of its infringement claim and issued the requested PI. *Id.* at \*2–3.

After Zhouty's PI briefing was complete, the United States Patent and Trademark Office issued U.S. Patent No. D1,046,104 to a third party. The '104 patent also claims a design for a foldable fan, and it lists the '982 patent as a prior art reference. *See* U.S. Patent No. D1,046,104.

Citing the issuance of the '104 patent as new evidence disfavoring preliminary injunctive relief, Zhouty requested that the district court reconsider its decision granting Shenzhen's PI. Zhouty argued that because novelty is a requirement for patentability, the patent examiner must have concluded that the '982 patent's design did not anticipate the '104 patent's design—otherwise, the '104 patent would not have issued. And, because the test for design patent infringement and the test for anticipation are identical, the conclusion that the '982 patent does not anticipate the '104 patent would suggest that products practicing the '104 patent's design do not infringe the '982 patent. Together with the representation that the '104 patent protects the exact design of Zhouty's accused product, Zhouty argued that the '104 patent's issuance suggested there is some material and patentable difference between the design of its accused product and the design protected by the '982 patent. Zhouty suggested that this undermined the likelihood Shenzhen would succeed in its infringement action, which in turn undercut its entitlement to a PI. Shenzhen disagreed, and the district court ultimately denied reconsideration.

A month later, Shenzhen added five new defendants to its suit, including the owner of the '104 patent (New Defendants), and moved for an ex parte TRO against those New Defendants. Despite its ex parte nature, the New Defendants appeared to oppose the TRO, advancing the same argument that Zhouty made on reconsideration regarding the impact of the '104 patent's issuance on the likelihood of success of Shenzhen's infringement claim. Shenzhen replied in support of its request for injunctive relief, emphasizing the district court had already rejected this argument and suggesting it should do so again.[1]

On February 28, 2025, the district court denied Shenzhen's request for injunctive relief as to the New Defendants and simultaneously dissolved the earlier-issued PI against Zhouty. *Shenzhen Jisu Tech. Co. v. Entities & Individuals Identified in Annex A*, No. 24 C 2948, 2025 WL 879994, at *1 (N.D. Ill. Feb. 28, 2025) (*Shenzhen II*). The district court found it compelling that new facts were uncovered since it denied reconsideration that suggested Zhouty and the New Defendants were all authorized to sell folding fans embodying the design claimed in the '104 patent. *Id.* at *2. Given that the '104 patent issued over Shenzhen's '982 patent, its issuance would suggest there is some patentable difference between each patent's claimed design, and, by extension, the '982 patent and defendants' accused products. *See id.* at *3. The district court concluded this undermined Shenzhen's likelihood of success on its infringement claim, making preliminary injunctive relief inappropriate. *See id.* As a result, the court declined to enjoin the New Defendants and dissolved the PI against Zhouty.

---

[1]    Shenzhen also requested that its TRO motion be converted to one for a PI given that its request was no longer ex parte and because both forms of injunctive relief are assessed under the same standard. The district court did not rule on this request.

*Id.* Shenzhen timely appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1292(a)(1) and 1295(a)(1).[2]

## II

On appeal, Shenzhen argues the district court erred in two ways. First, Shenzhen contends that the district court erred by failing to apply the doctrine of collateral estoppel to bar duplicative arguments. Second, Shenzhen contends the district court misapplied principles of design patent law when it assessed the merits of Shenzhen's request for preliminary injunctive relief.

## A

We first consider Shenzhen's collateral estoppel argument. We review the district court's application of collateral estoppel de novo under the law of the regional circuit, here the Seventh Circuit. *See e.Digital Corp. v. Futurewei Techs., Inc.*, 772 F.3d 723, 726 (Fed. Cir. 2014). Collateral

---

[2]    Shenzhen appeals a decision that, in part, denied a TRO. Unlike orders involving PIs, we generally lack jurisdiction to review TRO-related orders. *See* 28 U.S.C. § 1292(a)(1) (defining appellate jurisdiction over interlocutory orders); *Geneva Assurance Syndicate, Inc. v. Med. Emergency Servs. Assocs. (MESA) S.C.*, 964 F.2d 599, 600 (7th Cir. 1992). However, the name a district court assigns to its order is not determinative of the availability of appellate relief. *Id.* If the district court's decision is best understood as deciding the merits of a PI, we may treat it as such, and appellate jurisdiction is proper. *See id.* Because the New Defendants appeared to oppose the TRO and the district court benefited from formal briefing on its merits, we understand the court's decision to be denying a PI against the New Defendants, and so its decision is immediately appealable. *Cf. id.* ("The essence of a [TRO] is its brevity, its *ex parte character*, and . . . its informality . . . ." (emphasis added)).

estoppel generally precludes parties from relitigating issues that they have already finally litigated in a prior proceeding. *See Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994).

Shenzhen argues that the district court violated the doctrine of collateral estoppel by allowing the New Defendants to advance arguments regarding the '104 patent's issuance that the district court had previously rejected. Shenzhen notes that Zhouty argued in its motion for reconsideration that the '104 patent's issuance over Shenzhen's asserted '982 patent suggested that Shenzhen was unlikely to succeed on the merits of its infringement claim. And Shenzhen emphasizes that the district court rejected that argument when it denied reconsideration. Shenzhen then contends that this rejection operated as a final decision on the merits of the '104 patent's relevance such that the New Defendants were estopped from later relitigating the same question in opposition to Shenzhen's request for a TRO. Not quite.

The suggestion that the district court's denial of reconsideration had collateral estoppel effects that barred the court's reconsideration of its rationale, or the arguments the district court previously considered, lacks merit. Collateral estoppel does not prevent a trial judge from revisiting an earlier, non-final decision within a continuing case. *See Williams v. Comm'r*, 1 F.3d 502, 504 (7th Cir. 1993) ("There is no basis for using res judicata or collateral estoppel to prevent a judge from reconsidering an earlier ruling in the same, ongoing case."). Indeed, collateral estoppel "has no role within a unitary, ongoing proceeding." *In re Hovis*, 356 F.3d 820, 822 (7th Cir. 2004). Rather, what matters "within a single suit are the deadlines set by statute and rule, plus the law of the case and judicial estoppel." *Id.* For this reason, Shenzhen's invocation of collateral estoppel is misplaced and its argument inapplicable. Collateral estoppel principles did not prevent the district court from reconsidering the '104 patent's relevance to the merits of

Shenzhen's request for preliminary injunctive relief. We decline to disturb the district court's decision on this ground.

B

We next consider Shenzhen's argument that the district court misapplied principles of design patent law when denying Shenzhen's request for preliminary injunctive relief.

We review a district court's grant or denial of a preliminary injunction under the law of the regional circuit. *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1363 (Fed. Cir. 2017). But we give "dominant effect" to our "body of precedent applying the general preliminary injunction considerations to a large number of factually variant patent cases . . . insofar as it reflects considerations specific to patent issues." *Id.* (citation omitted). The Seventh Circuit reviews a district court's grant or denial of a preliminary injunction for an abuse of discretion. *Id.* "An abuse of discretion may be established by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings." *Id.* (citation omitted).

The Seventh Circuit has identified four requirements for a preliminary injunction, of which only one is relevant here: whether the plaintiff has shown they have a reasonable likelihood of succeeding on the merits of their claim. *See Am. Can Co. v. Mansukhani*, 742 F.2d 314, 325 (7th Cir. 1984). On appeal, Shenzhen generally contends that the district court erred when it assessed the likelihood of success element because it conflated the standards of patentability and infringement. Specifically, Shenzhen argues that the district court adopted the legally erroneous position that Shenzhen must provide evidence of the '104 patent's invalidity to succeed on its claim that the defendants infringed its '982 patent. Shenzhen argues that it need not prove invalidity of a later patent to succeed on its

infringement claim given that the test for validity—specifically the test for assessing obviousness under 35 U.S.C. § 103, which is one component of validity—differs from the test for infringement. We are unconvinced.

As an initial matter, Shenzhen is correct that the test for obviousness differs from the test for infringement. Obviousness is examined from the perspective of a designer of ordinary skill who designs products of a similar kind, whereas infringement is assessed from the perspective of the ordinary observer. *Compare Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (obviousness), *with Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871) (infringement). However, any suggestion that the district court held otherwise is unsupported by the record. *See generally Shenzhen II*, 2025 WL 879994. Rather, the district court noted that the test for *anticipation* mirrors the test for infringement of design patents. *See id.* at *3 ("It has been well established for over a century that the same test must be used for both infringement and anticipation." (cleaned up)). There is no error in that observation. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009).

To the extent that Shenzhen suggests the district court announced a generally applicable rule that infringement of a design patent necessarily requires the patent owner to *also* demonstrate invalidity of any relevant later-issued patents, we disagree with that characterization. To be clear, any such rule would be improper and has no roots in our caselaw. But we do not understand the district court to have suggested such a rule. Rather, we understand the district court to have assessed the strength of Shenzhen's infringement claim via an analysis rooted in this court's caselaw holding that anticipation and infringement are the same inquiry for design patents. *See Int'l Seaway*, 589 F.3d at 1239; *Shenzhen II*, 2025 WL 879994, at *2–3. We see no abuse of discretion in the district court doing so.

To assess the likelihood Shenzhen would succeed on its infringement claim, the district court was required to preliminarily apply this court's test for design patent infringement—the ordinary observer test. This test asks whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same." *Gorham*, 81 U.S. at 528. As noted, the district court was correct when it observed that, in the case of design patents, the test for anticipation and infringement are the same. *See Int'l Seaway*, 589 F.3d at 1239; *see Shenzhen II*, 2025 WL 879994, at *3. Thus, if an ordinary observer would view two designs as substantially the same, the later design is anticipated, and an accused product practicing its design would infringe any patent claiming the earlier design. *See Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."). By extension, when a design patent issues over an earlier one, the presumption of patent validity suggests that the later claimed design is not anticipated by—i.e., not substantially the same as—the earlier patented design. *Cf. Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359–60 (Fed. Cir. 2007); 35 U.S.C. § 282(a). Indeed, by statute a patent is presumed valid once issued, and included within that is a presumption that its claimed design is novel and thus not obvious or anticipated. *Cf. Pfizer*, 480 F.3d at 1359–60.

We see no abuse of discretion in the district court's application of these themes to the facts before it as an aid in estimating the likelihood that Shenzhen would succeed in its claim for infringement. Because the accused products were purported to be coextensive with the later-issued '104 patent, the district court was within its discretion to note that the '104 patent's issuance may suggest that an ordinary observer would not find the accused products substantially similar to the design claimed by Shenzhen's '982 patent. While that is true as to this request for a preliminary injunction, Shenzhen may, of course, ultimately

establish infringement on its merits. Nevertheless, in the context of reviewing the denial and dissolution of a PI, which involves estimating the likelihood Shenzhen will succeed in its infringement suit, we see no abuse of discretion in the district court's consideration that the accused products purportedly practice the later-issued and presumed-valid '104 patent.

### III

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHENZHEN JISU TECHNOLOGY CO., LTD.,**

*Plaintiff-Appellant*

**v.**

**THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, VHJWPDYD DRONE, STORES FOKELYI, MYSTIGUE, ADXSHOP, BRILLIRARE, CHIDA3D, CRAWFORD RICH, ERLEEQING, FLUFUNM, GDQ STORE, GEOLINCA, GONGYI, JAMONXI, KASX-US, KEKEROSE, MARCHSAN, MRWALK DIRECT, NEZYLAF, OMNIGOODS STORE, ONECASE, PRIME DIRECT NY, RAY-US, STORE NO. 9, SUBLIME_SHOP, V&JGLOBAL BUSINESS LLC, AMOUSA, DENGMORE, KAWELL, KIPLYKI, MAG DEPARTMENT STORE LLC, MANNYA CO., LTD., MSNF CO. LTD., OAVQHLG3B, POMOKO, QILIAN TRADING CO., LTD., ROYALLOVE, SGDL HOLDINGS INC., SHENZHEN COLOR SHENG LONG SILK TRADING CO., LTD., SHENZHEN HONGFU WUZHOU TECHNOLOGY CO., LTD., SHENZHEN HUI XI TECHNOLOGY CO., LTD., SHENZHEN QUSHI TECHNOLOGY CO., LTD., SYNERGY INC., WSBDENLK CLEARANCE, YOHOME PRODUCTS, KWSKY, MMWUS, MEIBEIBEAUTY, BEAUTYSALON, E-EMALL, COOL ELECTRONICS SHENZHEN, HXSTARTINGLINE, WUXIAO2, BABAQINL009, XHGSM3-32, GAIATOP DIRECT, BEST LIFE NEED, SPLENDID ENERGY LIGHTING, SILDURX THI,**

2                 SHENZHEN JISU TECHNOLOGY CO., LTD. v.
          THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A

**SWEETFULL TECHNOLOGY, EKOUSN, ENTASSER, FIUDX CO. LTD., FRSARA, HELDIG, JSQBD, B BREATHTAKING, CHENPULUOS, COLORED FLAG, DO MORE WITH LESS, HONHEY DIRECT, MILTONRE, NARDENM, PRIYAITTAL, RIANLEY, SHENZHEN HONGHAO RUIXIN TECHNOLOGY CO., LTD., SPARK INNOVATORS, TANOMI, VITONG, WOPE, COMERSS, ICOLORFULED,**
*Defendants*

**ZHOUTY, KAZEBLAST, ZSLST, SHENZHEN MAIMI ELECTRONIC TECHNOLOGY CO., LTD., XINYI LIU,**
*Defendants-Appellees*

————————————

2025-1617, 2025-1763

————————————

Appeals from the United States District Court for the Northern District of Illinois in No. 1:24-cv-02948, Judge Jorge L. Alonso.

————————————

STOLL, *Circuit Judge*, dissenting.

I agree with the majority except as to Part II.B.  Because I would vacate and remand the district court's decision to dissolve the preliminary injunction against Zhouty and deny a temporary restraining order against the New Defendants, I respectfully dissent.

The majority reads the district court as applying a satisfactory framework for evaluating Shenzhen's likelihood of success on the merits of proving design patent infringement in the context of a preliminary injunction.  *See* Majority Op. 10–11.  I do not.  To assess whether a patentee has shown a likelihood of success on the merits of proving

infringement of a design patent, "the court must conduct a three[-]way analysis comparing the accused product, the patented design, and the prior art." *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 942 (Fed. Cir. 2022) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677–78 (Fed. Cir. 2008) (en banc)) (reversing the grant of a preliminary injunction where the district court failed to apply the proper test for assessing likelihood of success on the merits of proving design patent infringement). In conducting this three-way analysis, the district court is "to apply the ordinary observer test on a product-by-product basis," *id.* at 943—i.e., asking whether "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess*, 543 F.3d at 681). This framework for assessing potential design patent infringement must be used in every case. But such a framework was not used here. Instead, the district court only applied a shortcut to its analysis by assuming that, because the relevant defendants asserted that their accused product practices another, later-issued design patent (which is presumptively valid), Shenzhen had failed to show a likelihood of infringement of its asserted patent. *See Shenzhen Jisu Tech. Co. v. Entities & Individuals Identified in Annex A*, No. 24 C 2948, 2025 WL 879994, at *3 (N.D. Ill. Feb. 28, 2025). While such a shortcut may reach an accurate result in some cases, it is not the framework required by our precedent. Use of the proper legal framework cannot be sacrificed for the purposes of judicial efficiency, and I would vacate and remand for the district court in this case to conduct the required three-way analysis assessing the accused product, the asserted patent's design, and the prior art as part of the ordinary observer test. Accordingly, I dissent.